## JOHN MADIGAN v. COMMONWEALTH.

**Disorderly House—What constitutes.**

> One who permits disorderly, drunken, and noisy persons to frequent his house and thereby disturb the peace and quiet of the neighborhood, is guilty of keeping a disorderly house.

**Disorderly House—What Constitutes.**

    If by the manner in which accused kept his house, or by inducements held out by him, in connection with his house and the business therein carried on, he consented to or encouraged disorderly crowds to assemble on the sidewalk immediately in front of his house he is guilty of keeping a disorderly house; but the mere fact that drunken and disorderly persons were permitted to assemble and did assemble on the sidewalk is not sufficient to authorize a conviction.

**Disorderly House—What Constitutes.**

    The fact that disorderly crowds assembled in front of accused's house with his consent and in consequence of his house being there located, does not necessarily render accused guilty of keeping a disorderly house, it being not only necessary that he should consent to the assembly but that he should procure or encourage the assembly by the manner in which he kept his house or conducted his business therein.

APPEAL FROM CLARK CIRCUIT COURT.

January 4, 1873.

OPINION BY JUDGE LINDSAY:

    The instruction given at the instance of the attorney for the commonwealth authorized the jury to find the defendant guilty of keeping a disorderly house in case they should believe from the evidence to the exclusion of all reasonable doubt, that he kept a house at which divers evil disposed, drunken and disorderly persons were permitted to assemble and did assemble habitually in, *or on a public street and pavement immediately in front of, and adjoining his said house, and there block up said street,"* etc., and so conduct themselves that peaceable citizens were compelled to pass around the crowd while on their way to business or to church, etc. The objection to this instruction is that it makes appellant responsible for the habitual assemblage of disorderly and drunken people upon the public street, in front of his house, no matter whether or not he procured or encouraged them to assemble.

    If he permitted disorderly, drunken and noisy persons to frequent his house and thereby disturb the peace and quiet of the neighborhood, he kept a disorderly house, and if by the manner in which he kept his house, or by inducements of any character held out by

him, connected with his house and the business therein carried on, he consented to or encouraged disorderly crowds to assemble on the sidewalks immediately in front of it, he was also guilty of such offense; but the mere fact that drunken and disorderly persons were *permitted* to assemble and did assemble on the sidewalk, a public place over which he had no individual control, was not enough to authorize a conviction.

The modification to Instruction No. 2 asked by appellant is liable to the same objection.

The fact that the disorderly crowds assembled in front of his house with his consent, and in consequence of his house being there located, did not necessarily render him guilty of the offense charged. It was necessary not only that he should consent, but that he should procure, or encourage the assemblages, by the manner in which he kept his house, or conducted his business therein.

As we have no power to reverse for error in overruling the demurrer to the indictment, nor because the verdict is against the weight of the evidence, it is not necessary that we should consider these questions, but for the errors pointed out the judgment is reversed and the cause remanded for a new trial consistent with this opinion.

*T. S. Tucker, for appellant.*

*Breckenridge & Buckner, for appellee.*